UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ROLANDO MACIAS,<br><br>    Defendant. | Case No. 4:14-cr-00102-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

### INTRODUCTION

Pending before the Court is defendant Rolando Macias' Motion for Release Pending Sentencing. Dkt. 30. Mr. Macias' sentencing hearing is scheduled for March 9, 2015. For the reasons explained below, the Court will grant the Motion for Release Pending Sentencing.

### BACKGROUND

In May 2014, a grand jury indicted defendant Rolando Macias on five counts of distributing methamphetamine, in violation of 21 U.S.C. § 841(a) and (b)(1)(B). *See Indictment*, Dkt. 1. On December 10, 2014, Mr. Macias appeared before United States Magistrate Judge Bush and pleaded guilty to count two of the indictment. Judge Bush

**MEMORANDUM DECISION & ORDER - 1**

recommended that this Court accept Macias' guilty plea. *See* Dkts. 27, 28. No objections were filed to this report, and the Court accepted Macias' guilty plea on December 30, 2014.

Judge Bush further ordered that Macias be released pending this Court's acceptance of his plea. The minute entry on this order reads as follows:

> ORDER: Court released defendant on same terms and conditions as previously entered . . . pending Judge Winmill's acceptance of the plea, and shall then surrender to the USMS as directed. Counsel may petition Judge Winmill to consider the Court's ruling under 18 USC § 3145.

*Dec. 10, 2014 Minute Entry*, Dkt. 27. Judge Bush thus anticipated that Macias would be detained upon this Court's acceptance of Macias' guilty plea. *See also Dec. 10, 2014 Report & Recommendation,* Dkt. 28, at 2 (calling for defendant to surrender upon this Court's acceptance of the Report & Recommendation). Macias responded with his Motion for Release Pending Sentencing. *See* Dkt. 30.

## ANALYSIS

Macias' motion is made under 18 U.S.C. § 3145(c). Under this section, Macias may be released if he is able to show "exceptional reasons why . . . [his] detention would not be appropriate." [1]

The Ninth Circuit has observed that by using this broad language – and nothing more – "Congress placed broad discretion in the district court to consider

---

[1] Although the "exceptional reasons" provision of 18 U.S.C. § 3145(c) deals with appeals" the Ninth Circuit has held district courts nevertheless have authority to determine whether there are such "exceptional reasons." *United States v. Garcia*, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003).

all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.'" *Garcia,* 340 F.3d at 1018 (citing *Mozes v. Mozes*, 239 F.3d 1067, 1073 (9th Cir. 2001)). In other words, this Court is called upon to analyze the totality of the circumstances and then determine whether "due to any truly unusual factors or combination of factors" it would be unreasonable to detain the defendant.

In urging the Court to release him pending sentencing, Macias indicates that: (1) Pre-Trial Court Services recommended his release at the arraignment; (2) the government does not oppose his release; (3) he has not violated any term of his pretrial release and has attended all hearings; (4) he has strong family ties in the Burley/Rupert community; (5) he has a full-time job that allows him to provide for his wife and three children; and (6) he cooperated "exceptionally with law enforcement upon his arrest." *Motion,* Dkt. 30, at 4.

After reviewing the factual record in this case, the Court concludes that truly unusual circumstances exist, justifying Macias' release pending sentencing. As Macias points out: he has a fulltime job; he is providing for his family, who would be deprived of that support should he be incarcerated; and he has strong ties to the community. Additionally, he cooperated "exceptionally" with law enforcement. *See Garcia,* 340 F.3d at 1021 ("The district court may also consider whether the defendant was unusually cooperative with the government. Although such cooperation may result in a substantial societal benefit, it may also render the defendant exceptionally vulnerable to injury in prison.")

**MEMORANDUM DECISION & ORDER - 3**

Under these circumstances, the Court will grant Macias' motion for release pending sentencing.

## ORDER

**IT IS ORDERED that** Macias' Motion for Release Pending Sentencing (Dkt. 30) is **GRANTED.**

DATED: December 30, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court