UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA,  Plaintiff,  v.  ROLANDO MACIAS,  Defendant. | Case No. 4-14-cr-00102-BLW  **MEMORANDUM DECISION AND ORDER** |
|---|---|

# INTRODUCTION

Before the Court is Defendant Rolando Macias's Motion to Reconsider Sentencing (Dkt. 50). For the reasons explained below, the Court will deny the motion.

# BACKGROUND

In December 2014, Rolando Macias pleaded guilty to distributing methamphetamine. On March 9, 2015, this Court sentenced him to 78 months' imprisonment, to be followed by a five-year term of supervised release. Macias now asks the Court to reduce his sentence to 60 months. In support of this request, Macias' counsel has submitted more detailed information regarding a 2007 misdemeanor

conviction for animal cruelty. This conviction was reported in the pre-sentence investigation report, and Macias' counsel objected to its inclusion earlier. *See PSR,* Dkt. 37, ¶ 38; *Addendum to PSR*, Dkt. 37-1, ¶ 3.

Macias now says that in light of the additional information regarding this 2007 conviction, "it is arguable . . . that the misdemeanor should not have been included in the Defendant's criminal history . . . ." *Motion*, Dkt. 50, at 2. Notably, however, even if Macias had prevailed on this argument at sentencing, the guidelines ranges would have been 87 to 108 months, rather than 97 to 121 months. The Court's sentence of 78 months was below the guideline range regardless of whether the animal cruelty conviction was included in the calculation of the criminal history category.

## DISCUSSION

A threshold problem with Macias' motion for reconsideration is that it assumes district courts have inherent authority to reconsider a sentencing order. *See Motion,* Dkt. 50, at 2. This is not so. *See United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir.1999) (district courts "do not have 'inherent authority' to reconsider sentencing orders."). Under 18 U.S.C. § 3582(c)(1)(B), "[t]he Court *may not* modify a term of imprisonment once it has been imposed except that . . . the Court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; . . . ." (emphasis added). Macias does not point to any statute that would expressly permit this Court to modify his sentence. Similarly, he cannot properly rely on Rule 35 of the Federal Rules of Criminal Procedure.

The Ninth Circuit has explained that Rule 35 was not intended to allow district courts to merely "'reconsider' sentencing issues." *Barragan-Mendoza,* 174 F.3d at 1028. As a result, this Court is not empowered to reconsider Macias' sentence. The Court will therefore deny the motion.

## ORDER

**IT IS ORDERED that** Defendant Rolando Macias's Motion to Reconsider Sentence (Dkt. 50) is **DENIED.**

DATED: April 16, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court